UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CALVIN and HENRIETTA SEARS WOODS, as natural parents, next friend and guardian of AARON SEARS, a *non compos mentis*; DONALD SMITH, individually; and JIMMIE GILES, individually,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES, LLC; BUCCANEERS LIMITED PARTNERS d/b/a TAMPA BAY BUCCANEERS; RIDDELL, INC., individually, and d/b/a RIDDELL SPORTS GROUP, INC.; ALL AMERICAN SPORTS CORPORATION, individually, and d/b/a RIDDELL/ALL AMERICAN; MIAMI DOLPHINS, LTD.; DETROIT LIONS, INC.; BUFFALO BILLS, INC.; PHILADELPHIA EAGLES, LLC; TENNESSEE TITANS ENTERTAINMENT, INC., f/k/a TENNESSEE OILERS ENTERTAINMENT, INC., f/k/a HOUSTON OILERS, INC.; and JOHN DOES 1 THROUGH 100,<br><br>Defendants. | Case No.: _____ |

**DEFENDANTS NATIONAL FOOTBALL LEAGUE,
NFL PROPERTIES LLC, BUCCANEERS LIMITED PARTNERSHIP,
PHILADELPHIA EAGLES, LLC, AND DETROIT LIONS, INC.'S
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, for the reasons set forth below, Defendants National Football League ("NFL"), NFL Properties LLC ("NFLP"), Buccaneers Limited Partnership (improperly named in the Complaint as "Buccaneers Limited Partners") (the "Buccaneers"), Philadelphia Eagles, LLC (the "Eagles"), and Detroit Lions, Inc. (the "Lions") (together, the "Removing Defendants"), by their undersigned attorneys, file this Notice of Removal to

remove the claims against them in this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County Florida, in which the above-captioned case is now pending, to the United States District Court for the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. §§ 1367, 1441 and 1446. Removal is made pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction. The grounds for removal are as follows:

I.   **INTRODUCTION AND BACKGROUND**

1. On various dates between July 2, and July 12, 2012, the Removing Defendants were served by Plaintiffs, two former NFL players and the guardians of a third former NFL player, with a Complaint (the "Complaint") filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County Florida, No. 12-10197. Copies of the Complaint and other documents filed in this action are attached as Exhibit A.

2. The Complaint alleges, among other things, that the Removing Defendants had a duty "to inform and warn their players of [the risks of head injuries, brain injuries, and/or concussions to NFL players]; to implement reasonable league and team rules, regulations and policies; and/or take other reasonable action to minimize the risks of head injuries or brain injuries," and breached this duty by "failing to use reasonable care in overseeing, controlling and/or regulating policies and procedures . . . so as to minimize the risk of head injuries and/or concussions," "failing to acknowledge . . . the clear link between concussions and brain injuries being suffered by their players," and "failing to provide competent information to their teams, players, coaches, trainers, and medical personnel regarding the significance of head injuries and/or concussions[.]" (Compl. ¶¶ 251, 256(a), (f),

(n), 262, 267(a), (f), (n), 273, 278(a), (f), (n), 284, 289(a), (f), (n), 306, 311(a), (f), (n), 317, 322(a), (f), (n).) The Complaint alleges causes of action for negligence, fraud, fraudulent concealment, negligent misrepresentation, conspiracy, intentional infliction of emotional distress, detrimental reliance, and medical monitoring, against the Removing Defendants, Miami Dolphins Ltd., Buffalo Bills, Inc., Buccaneers Limited Partners, and Tennessee Titans Entertainment, Inc. (Compl. ¶¶ 250-596; 616-23.) The Complaint also alleges causes of action for negligence, breach of implied warranty, and strict liability against Riddell, Inc., individually and d/b/a Riddell Sports Group, Inc. and All American Sports Corp., individually and d/b/a Riddell/All American (collectively, the "Riddell Defendants"). (Compl. ¶¶ 598-615.) Plaintiffs seek "all damages recoverable under Florida law plus costs, interest, and attorney's fees if allowable." (Compl. ¶¶ 625, 627, 629.)

3. The relationship between the Removing Defendants and Plaintiffs Sears and Giles is governed by the collective bargaining agreements ("CBAs") that were executed and operative during the majority of their careers.[1] The CBAs are the product of exhaustive arm's-length negotiations between the NFL Management Council (the exclusive bargaining representative of the NFL) and the NFL Players Association (the exclusive bargaining representative of NFL players), and "represent[] the complete understanding of the parties on all subjects covered [t]herein." (CBA Art. II § 1 (1977-87; 2006-2010).) The CBAs include,

---

[1] Aaron Sears played in the NFL from 2007 to 2010, (Compl. ¶ 13), and thus played football in the NFL pursuant to the 2006 CBA. Jimmie Giles played in the NFL from 1978 to 1989, (Compl. ¶ 15), and thus played football pursuant to the 1977 and 1982 CBAs.

3

among other terms, provisions relating to player medical care and safety, equipment and dispute resolution.

## II. GROUNDS FOR REMOVAL

4. This Court has original jurisdiction of this action under 28 U.S.C. § 1331 because the action is one that is founded on a claim or right "arising under the Constitution, laws, or treaties of the United States." A defendant may remove an action to federal court under 28 U.S.C. § 1441 if the complaint presents a federal question, such as a federal claim. *See Avco Corp.* v. *Aero Lodge No. 735*, 390 U.S. 557, 560, 88 S. Ct. 1235, 1237, 20 L. Ed. 2d 126 (1968).

5. Federal question jurisdiction exists in this case based on complete preemption under section 301 of the Labor Management Relations Act ("LMRA") of Plaintiffs' claims.[2] *See Sams* v. *United Food & Commercial Workers Union, AFL/CIO, CLC*, 835 F.2d 848, 850 (11th Cir. 1988) ("If a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law.") (internal quotation omitted). Indeed, a district court has already determined that the NFL properly removed a complaint containing nearly identical claims brought by Plaintiff Giles and others in a previously-filed case. *See Barnes* v. *Nat'l Football League*, No. 11-cv-08396-R(MANx), Order at 2 (C.D. Cal. Dec. 8, 2011) (concussion-related negligence claim against NFL preempted) (attached as Exhibit B).

---

[2] The CBAs were signed by the NFL Management Council, an entity created by the NFL for the purpose of collective bargaining. The NFL is bound by the CBAs' terms and may invoke section 301 preemption because plaintiffs' claims arise under the CBAs and require the Court to interpret numerous CBA provisions. *See Atwater* v. *Nat'l Football League*, 626 F.3d 1170, 1178-79 (11th Cir. 2010).

6. To the extent that any of the claims in the Complaint is not preempted, it "form[s] part of the same case or controversy." 28 U.S.C. § 1367. This Court thus has supplemental jurisdiction over all claims and parties, including Plaintiff Smith. *See Allapattah Servs., Inc.* v. *Exxon Corp.*, 333 F.3d 1248, 1256 (11th Cir. 2003), *aff'd*, 545 U.S. 546 (2005) (holding that Section 1367(a) authorizes a court to exercise supplemental jurisdiction over the claims of pendant parties); *Silent Drive, Inc.* v. *Strong Indus., Inc.*, 326 F.3d 1194, 1206 (11th Cir. 2003) ("[Section 1367] provides that 'in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'").

7. Section 301 of the LMRA provides that the federal courts have original jurisdiction over all "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The Supreme Court has held that "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." *Allis-Chalmers Corp.* v. *Lueck*, 471 U.S. 202, 211 (1985); *see also Atwater* v. *Nat'l Football League*, 626 F.3d 1170, 1183 (11th Cir. 2010) (holding that plaintiffs' negligent misrepresentation claims were completely preempted because "the determination of any duty Defendants owed Plaintiffs to provide information . . . was substantially dependent on . . . the language of . . . the CBA"). Thus, section 301 preempts tort claims

seeking to vindicate "state-law rights and obligations that do not exist independently of [collective bargaining] agreements" and also claims the resolution of which is "substantially dependent upon analysis of the terms of [a collective-bargaining] agreement." *Atwater*, 626 F.3d at 1182 ("Thus, any duty the NFL owed Plaintiffs . . . arose directly from the CBA. Even if it did not . . . we would, again, still have to consult the CBA to determine the scope of the legal relationship between Plaintiffs and the NFL[.]").

8. Plaintiffs' claims are preempted because resolution of those claims is "inextricably intertwined with consideration of the terms of [the CBAs]" or "substantially dependent" on an analysis of the relevant provisions of the CBAs. *Allis-Chalmers*, 471 U.S. at 213, 215, 220; *see also Atwater*, 626 F.3d at 1184 (holding that plaintiffs' breach of fiduciary duty claims were preempted because "resolution of these claims is substantially dependent on the interpretation of the CBA's language"); *Duerson v. Nat'l Football League*, No. 12 C 2513, 2012 WL 1658353, at *4, 6 (N.D. Ill. May 11, 2012) (concussion-related negligence claim against NFL preempted); *Maxwell v. Nat'l Football League*, No. 11-cv-08394 R(MANx), Order at 2 (C.D. Cal. Dec. 8, 2011) (same) (attached as Exhibit C); *Pear v. Nat'l Football League*, No. 11-cv-08395 R(MANx), Order at 2 (C.D. Cal. Dec. 8, 2011) (same) (attached as Exhibit D); *Barnes*, No. 11-cv-08395 R(MANx), Order at 2 (same); *Stringer v. Nat'l Football League*, 474 F. Supp. 2d 894, 909-10 (S.D. Ohio 2007) (wrongful death claim arising out of heat-related illness against the NFL preempted because resolution of the claim was substantially dependent upon an analysis of CBA provisions related to NFL player medical care and treatment).

9. For example, resolution of Plaintiffs' claims require an interpretation of provisions of the CBAs relating to player medical care, rule-making, and equipment safety. *See, e.g.,* NFL CBA Art. XLIV § 1 (2006-2010) (requiring physician on staff of Member Clubs to inform a player in writing if he has a physical condition that "could be significantly aggravated by continued performance"); NFL CBA Art. XLIV § 2 (2006-2010) ("[F]ull-time head trainers and assistant trainers . . . [must] be certified by the National Athletic Trainers association."); NFL Constitution and Bylaws Art. XIX § 19.5 (1970-2010) (requiring that the home team provide a doctor and ambulance for each game since the AFL-NFL merger); NFL Constitution and Bylaws Art. XVII supplement 12 (1980), Art. XVII (1984-85), Art. XVII § 17.16(E) (1988-2010) ("All determinations of recovery time for major and minor injuries must be by the club's medical staff and in accordance with the club's medical standards" for players categorized as "Reserve/Injured" on the Reserve List); NFL CBA Art. XI § 8 (1977-87), Art. XIII § 1(a) (2006-2010) (creating a Joint Committee to study, among other things, player safety issues); NFL CBA Art. XIII § 1(b)-(c) (2006-2010) (mandating procedures for review, investigation and resolution of disputes involving proposed rule changes that "could adversely affect player safety"); Art. XIII § 2 (2006-2010) (inviting player representatives to the Competition Committee meetings "to represent the players' viewpoint on rules").[3] The Court will be required to interpret these provisions to determine the scope of the NFL's duty

---

[3] *See Clarett* v. *Nat'l Football League*, 369 F.3d 124, 142 (2d Cir. 2004) ("In the [CBA], the union agreed to waive any challenge to the Constitution and Bylaws and thereby acquiesced in the continuing operation of the . . . rules contained therein."); *see also Brown* v. *Nat'l Football League*, 219 F. Supp. 2d 372, 386 (S.D.N.Y. 2002) ("[The NFL Constitution and Bylaws were] bargained over and included within the scope of the CBA.").

and to determine whether the NFL acted reasonably in light of those provisions. *See Duerson*, 2012 WL 1658353, at *4.

10. Indeed, two separate district courts considering allegations similar to those alleged here—including those brought by Plaintiff Giles in another action (*Barnes*, No. 11-cv-08395 R(MANx), Order at 2)—have recently determined that the NFL properly removed complaints brought by former NFL players because resolution of their concussion-related negligence claims was substantially dependent on, and inextricably intertwined with, an analysis of CBA provisions concerning medical care and treatment of NFL players. In *Duerson*, faced with a negligence claim alleging in part that the NFL "fail[ed] to educate players about the risks of concussions and the dangers of continuing to play after suffering head trauma," and "fail[ed] to implement policies and procedures to prevent David Duerson from returning to play with his injuries," the court held that the claim was preempted because resolution of the claim would require a court to interpret several of the CBA provisions concerning player health and safety listed above. *Id.* at **1, 4. The court reasoned that:

> "A court could plausibly interpret those provisions to impose a duty on the NFL's clubs to monitor a player's health and fitness to continue to play football . . . . The NFL could then reasonably exercise a lower standard of care in that area itself. Determining the meaning of the CBA provisions is thus necessary to resolve Duerson's negligence claim."

*Id.* at *4; *see also Maxwell*, Order at 1-2; *Pear*, Order at 1-2; *Barnes*, Order at 1-2 (holding that plaintiffs' concussion-related negligence claims, premised in part on allegations that the NFL failed "to ensure accurate diagnosis and recording of concussive brain injury so the condition can be treated in an adequate and timely manner," were preempted because "[t]he physician provisions of the CBA must be taken into account in determining the degree of

care owed by the NFL and how it relates to the NFL's alleged failure to establish guidelines or policies to protect the mental health and safety of its players."); *Stringer*, 474 F. Supp. at 909-10 (wrongful death claim brought by decedent's widow against the NFL based on, among other things, the NFL's alleged failure to regulate adequately practices, games, equipment, and medical care to minimize the risk of heat-related illness, was preempted because resolution of the claim was "inextricably intertwined and substantially dependent upon an analysis of certain CBA provisions imposing duties on the clubs with respect to medical care and treatment of NFL players"). Having determined that at least one federal claim was present, the *Duerson* court exercised supplemental jurisdiction over the remaining claims, and denied the motion to remand. *Duerson*, 2012 WL 1658353, at *6; *see also Maxwell*, Order at 2; *Pear*, Order at 2; *Barnes*, Order at 2.

11. Plaintiffs' claims also are preempted by section 301 because the purported duties Plaintiffs allege the Removing Defendants had were created by the CBAs and are not based on an independent duty "owed to every person in society." *See United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 370-71, 110 S. Ct. 1904, 1910, 109 L. Ed. 2d 362 (1990) (holding in the context of a labor dispute involving unionized employees that, absent an independent duty running from defendants "to every person in society," any such duty to plaintiffs must arise out of the CBA); *see also Atwater*, 626 F.3d at 1182 ("[A]ny duty the NFL owed Plaintiffs to conduct these investigations with reasonable care arose directly from the CBA."); *Clarke v. Laborers' Int'l Union of N. Am., AFL-CIO*, 916 F.2d 1539, 1542 (11th Cir. 1990) (holding that plaintiff's negligence and breach of contract claims

were completely preempted because "[p]laintiff has failed to demonstrate that the unions had any duty independent of the collective bargaining agreement to ensure his safety").

## III. REMOVAL IS PROCEDURALLY PROPER

13. The Middle District of Florida is the federal district in which the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County Florida—where Plaintiffs filed their Complaint—is located.

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b), which states that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

15. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, and a copy of this Notice will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d). This Notice of Removal is signed pursuant to Fed. R. Civ. Proc. 11. See 28 U.S.C. § 1446(a).

16. Defendants Miami Dolphins, Ltd., Buffalo Bills, Inc., and Tennessee Entertainment, Inc.[4] consent to the removal of the action. A copy of those defendants' Consent to Removal is attached hereto as Exhibit E. The Riddell Defendants also consent to the removal of the action, and have separately filed a Notice of Consent to and Joinder in Removal. All defendants thus have consented to removal of the action. *See Russell Corp. v.*

---

[4] Tennessee Titans Entertainment, Inc. ("Titans Entertainment"), the corporate entity which employs cheerleaders for the Tennessee Titans, does not hold the NFL franchise referenced in the Complaint.

*Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) ("[I]n cases involving multiple defendants, all defendants must consent to removal.").

17.　　In filing this Notice of Removal, the Removing Defendants do not waive any defenses that may be available, including without limitation jurisdiction, venue, standing, or procedures for the disposition of this action in accordance with the terms of the CBAs. Nor do the Removing Defendants admit any of the factual allegations in the Complaint; rather, the Removing Defendants expressly reserve the right to contest those allegations at the appropriate time.

WHEREFORE, the Removing Defendants remove the above-captioned action brought against them in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County Florida.

Date: July 20, 2012

Respectfully submitted,

*/s/ Clennx*
_____
Robert M. Fulton      (Fla. Bar No. 0008516)
Casey Reeder Lennox (Fla. Bar No. 041986)
HILL, WARD & HENDERSON, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Phone: (813) 221-3900
Fax: (813) 221-2900
bfulton@hwhlaw.com
clennox@hwhlaw.com

Brad S. Karp
Theodore V. Wells, Jr.
Beth A. Wilkinson
Lynn B. Bayard
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3000

*Counsel for National Football League, NFL Properties, LLC, Buccaneers Limited Partners, Miami Dolphins, Ltd., Detroit Lions, Inc., Buffalo Bills, Inc., Philadelphia Eagles, LLC, Tennessee Titans Entertainment, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 20, 2012, I caused a true and correct copy of the foregoing to be served, via U.S Mail and electronic mail, on the following:

*Counsel for Plaintiffs:*

Charles E. Emanuel
Willie E. Gary
GARY, WILLIAMS, LEWIS &
WATSON, P.L
221 E Osceola Street
Stuart, Florida 34994
Phone: (772) 283-8260
Fax: (772) 287-8494
cee@williegary.com

Charles H. Peckham
PECKHAM, PLLC
Two Bering Park
800 Bering Park Drive, Suite 220
Houston, Texas 77057
Phone: (713) 574-9044
Fax: (713) 493-2255
cpeckham@peckhampllc.com

Wayne E. Ferrell, Jr.
LAW OFFICES OF WAYNE E. FERRELL, JR. PLLC
405 Tornbigbee Street
P.O Box 24448
Jackson, Mississippi 39225-4448
Phone (601) 969-4700
Fax: (601) 969-7514
wferrell@airlawonline.com

*Counsel for Riddell, Inc. and All American Sports Corporation:*

D. Matthew Allen
E. Kelly Bittick, Jr.
CARLTON FIELDS, P.A.
4221 W. Boy Scout Blvd., Suite 1000
Tampa, Florida 33607-5780
Phone: (813) 223-7000
Fax: (813) 229-4133
mallen@carltonfields.com
kbittick@carltonfields.com

Paul G. Cereghini
BOWMAN and BROOKE LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ 85012
Phone: (602) 643-2300
Fax: (602) 248-0947
paul.cereghini@bowmanandbrooke.com

Robert L. Wise
BOWMAN and BROOKE LLP
1111 East Main Street, Suite 2100
Richmond, VA 23219
Phone: (804) 649-8200
Fax: (804) 649-1762
rob.wise@bowmanandbrooke.com

_____
Attorney

3288291v1